# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PATRICK WILSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. CIV-18-362-M ) |
| TULSA ADJUSTMENT BUREAU, INC., | ) ) |
| Defendant. | ) |

## ORDER

Before the Court is plaintiff's Motion to Strike Defendant Tulsa Adjustment Bureau, Inc.'s Affirmative Defenses Pursuant to Fed. R. Civ. P. 12(f), filed June 1, 2018. On June 19, 2018, defendant filed its response. Based upon the parties' submissions, the Court makes its determination.

### I. Introduction

On April 18, 2018, plaintiff filed the instant action against defendant, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. On May 18, 2018, defendant filed its answer. In his answer, defendant raises a number of affirmative defenses. Plaintiff now moves, pursuant to Federal Rule of Civil Procedure 12(f), to strike all of defendant's affirmative defenses.

### II. Discussion

Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Because striking a portion of a pleading is a drastic remedy and because a motion to strike may often be made as a dilatory tactic, motions to strike under Rule 12(f) generally are disfavored. *See Colo. Milling & Elevator Co. v. Howbert*, 57 F.2d 769 (10th Cir. 1932) (observing that courts should

proceed with extreme caution in striking a pleading). While motions to strike are generally disfavored, the decision to grant a motion to strike is within the discretion of the court. *See Scherer v. United States Dep't of Educ.*, 78 Fed. App'x 687, 689 (10th Cir. 2003). Further, while the Tenth Circuit has not ruled on whether *Twombly* and *Iqbal* apply to pleading affirmative defenses, this Court has ruled that they do apply. *See Burget v. Capital W. Secs., Inc.*, Case No. CIV-09-1015-M, 2009 WL 4807619 (W.D. Okla. Dec. 8, 2009). The Court, therefore, finds that the affirmative defenses at issue in this case must satisfy the pleading standards set forth in *Twombly* and *Iqbal*.

Having carefully reviewed defendant's affirmative defenses, the Court finds that defendant's contributory negligence affirmative defense does not satisfy the pleading standards set forth in *Twombly* and *Iqbal*. Defendant provides no facts to support this affirmative defense and simply makes the conclusory assertion of contributory negligence. The Court, therefore, finds that this affirmative defense should be stricken.[1] Regarding the remaining affirmative defenses, the Court finds that the statements in paragraphs 16-20 are not per se affirmative defenses but instead provide support for defendant's affirmative defense of failure to state a claim set forth in paragraph 14 and/or challenge whether plaintiff can meet his burden of proof in this case. Based upon these statements, the Court finds that defendant's failure to state a claim affirmative defense should not be stricken. Additionally, while the statements in paragraphs 16-20 are not affirmative defenses, the Court finds that they need not be stricken from defendant's answer.

Accordingly, the Court GRANTS IN PART and DENIES IN PART plaintiff's Motion to Strike Defendant Tulsa Adjustment Bureau, Inc.'s Affirmative Defenses Pursuant to Fed. R. Civ. P. 12(f) [docket no. 7] as follows:

---

[1] If during discovery in this case defendant discovers facts to support this affirmative defense, defendant may seek leave to reassert this affirmative defense.

(A) The Court GRANTS the motion as to defendant's contributory negligence affirmative defense and STRIKES this affirmative defense, and

(B) The Court DENIES the motion as to defendant's failure to state a claim affirmative defense and the statements set forth in paragraphs 16-20 of defendant's answer.

**IT IS SO ORDERED this 16th day of July, 2018.**

_/s/ Vicki Miles-LaGrange_
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE